# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LARRY EUGENE WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV418-003 |
| | ) | CR416-144 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After his guilty plea for possession of a firearm as a felon (doc. 40[1] (plea agreement)), the Court sentenced Larry Eugene Williams to 72 months' imprisonment. Doc. 41 (judgment). He took no appeal. *See* doc. 38 (Notice of Post-Conviction Consultation).[2] He now moves under 28 U.S.C. § 2255 to vacate his sentence based on counsel's failure to present (and thus the Court's failure to consider) body camera footage at his suppression motion hearing, as well as the arresting officers', the

---

[1] The Court is citing to the criminal docket in CR416-144 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] The Notice is a document this Court developed to memorialize counsel's consultation with his client and reflect the client's appeal decision at the time of sentencing. *Green v. United States*, 2017 WL 843168 at *1 (S.D. Ga. Mar. 3, 2017); *see also Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (the "Notice of Counsel's Post-Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal).

Court's, and counsel's "malicious profil[ing]" of Williams at every stage of the proceedings. Doc. 42 at 4-8. He also repeatedly states that his "appeallate (*sic*) rights were never granted conciousionably (*sic*); If so; it was through a fraudulent unconscionable bargain." *Id*. 4, 5, 6, 7 & 8. It is unclear whether he means that he did not knowingly waive his appellate rights. Regardless, preliminary § 2255 Rule 4 review shows that his motion should be **DENIED**.

A defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional

guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Defendants who have entered an unconditional guilty plea, therefore, may challenge their pre-plea constitutional claims only by showing that the advice they received from counsel undermined "the voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at 267. This includes

> defects in the procedure by which the plea was received or circumstances which make the plea other than voluntary, knowing and intelligent. It also includes cases where the guilty plea was induced through threats, misrepresentations, or improper promises, such that the defendant cannot be said to have been fully apprised of the consequences of the guilty plea. . . .

*Mikell*, 2011 WL 830095 at *2 (cites and quotes omitted). Otherwise, all substantive claims that could have been raised before the plea, such as suppression-based claims, are waived. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("By entering a knowing, voluntary, intelligent guilty plea on the advice of competent counsel, [petitioner] has waived all nonjurisdictional complaints . . . [such as] claims regarding *Miranda* warnings, coerced confessions, perjury and illegal searches and seizures. . . ."); *Washington v. United States*, 2010 WL 3338867 at * 15 (S.D. Ala. Aug. 5, 2010) (collecting Eleventh Circuit

3

cases denying habeas relief on suppression-based IAC claims and concluding that, "[b]ecause all of [movant]'s asserted claims of ineffective assistance of counsel relate to the suppression issue, the denial of which has been waived . . . they have been waived by petitioner's entry of a knowing and voluntary plea. . . .").

Williams, who pled guilty unconditionally, cites no legally cognizable involuntariness grounds (*e.g.*, that he was threatened or misled by his lawyer, the judge, etc.) that would undermine his guilty plea. *See Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Aside from employing the words "fraudulent unconsciousionable bargain" (*see, e.g.,* doc. 42 at 4), movant does not even hint that his plea was anything but knowingly and voluntarily made.

Put simply, Williams conceded his factual guilt (*see* doc. 40 at 2 ("Defendant agrees that he is, in fact, guilty of this offense"), but seeks to indirectly challenge the Court's ruling on his motion to suppress (*see* doc. 42 at 6-7). He *waived* such a claim by the entry of his knowing and voluntary plea. Doc. 42 at 6-7 (affirming that he has had the full benefit of competent, satisfactory counsel to fully apprise him of his right to proceed to trial and the rights he is giving up by pleading guilty), *see also*

*id.* at 10 (Order accepting plea agreement and finding that Williams has "freely, voluntarily and knowingly" chosen to plead guilty).

Insofar as he also suggests an allegation that he did not intend to give up his appellate rights (*see id.* (his "appe[a]llate right(s) were never never granted conciousionably"), that contention is blatantly contradicted by the record. Williams signed this Court's Notice of Post-Conviction Consultation, which affirms that he expressly told counsel, after being fully informed of his appellate rights, that he did not wish to file an appeal. Doc. 38-1.[3]

Finally, movant's wholly conclusory allegation that the arresting officers, counsel, and this Court were in any way "extremely partial and prejudice[d]" against him is dead on arrival. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a § 2255 motion are insufficient to state basis for relief); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("when his

---

[3] Williams is reminded that those who lie to this Court may be prosecuted. *Hendrix v. United States*, 2014 WL 4204927 at *1, n. 4 (S.D. Ga. Aug. 25, 2014). Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *United States v. Dickerson*, No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished)); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible,'" a petitioner is not entitled to habeas relief).

A "§ 2255 action is not designed to account for buyer's remorse. But that is all that is at issue here." *Falgout v. United States*, 2013 WL 3712336 at * 6 (N.D. Ala. July 12, 2013); *Nelson v. United States*, 2015 WL 4756975 at * 1 (S.D. Ga. Aug. 11, 2015) ("Nelson has wasted this Court's time with a 'buyer's remorse' filing.  He chose to plead guilty with full knowledge of the consequences.  Now he must live with those consequences.").  Williams' § 2255 motion should be **DISMISSED**.

Accordingly, Larry Eugene Williams' § 2255 motion should be **DENIED** as procedurally barred by his unconditional plea agreement. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __2nd__ day of January, 2018.

*/s/ G. R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA